UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------X
ARIEL ANTONIO MARTINEZ,

                Plaintiff,                            **COMPLAINT**

    -against-

DIMATT LLC, DIEGO ALZATE, and
LAURA SALAMANCA,

                Defendants.
--------------------------------------------------------------X

Plaintiff, ARIEL ANTONIO MARTINEZ ("Plaintiff"), by his attorneys, THE NHG LAW GROUP, P.C., as and for his Complaint against Defendants, DIMATT LLC ("Dimatt"), DIEGO ALZATE ("Alzate"), and LAURA SALAMANCA, ("Salamanca") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Upon information and belief, Dimatt owns and operates a car detailing business in Bridgewater, New Jersey.

2. Plaintiff worked for Defendants as a car detailer.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*

5. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

6. This Court has supplemental jurisdiction over the claims arising under the NJWHL and the NJWPL pursuant to 28 U.S.C. § 1367 because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is an individual currently residing in the State of South Carolina.

9. Upon information and belief, Alzate is an adult male currently residing in the State of New Jersey.

10. Upon information and belief, Salamana is an adult female currently residing in the State of New Jersey.

11. Upon information and belief, Dimatt is a limited liability company organized and existing under the laws of the State of New Jersey.

## FACTUAL ALLEGATIONS

**Defendant Dimatt LLC ("Dimatt")**

12. Upon information and belief, Dimatt maintains a principal place of business at 1003 Bayley Court, Bridgewater, New Jersey 08807.

13. Upon information and belief, Dimatt owns and operates a  car detailing business located at 1003 Bayley Court, Bridgewater, New Jersey 08807.

14. At all times relevant to this Complaint, Dimatt had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

2

15.    At all times relevant to this Complaint, Dimatt had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

16.    At all times relevant to this Complaint, Dimatt had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

17.    At all times relevant to this Complaint, Dimatt was and is a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiff.

18.    During Plaintiff's employment, Dimatt maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

**Defendant Diego Alzate ("Alzate")**

19.    At all relevant times, Alzate has and continues to engage in business within this judicial district.

20.    Upon information and belief, Alzate was and continues to be an owner, corporate officer, director, shareholder, and/or managing agent of Dimatt.

21.    At all relevant times, Alzate participated in running the daily operations of Dimatt.

22.    At all relevant times, Alzate participated in the management and supervision of Plaintiff and his work for Dimatt.

23.    At all relevant times, Alzate exercised operational control over Dimatt, controlled significant business functions of Dimatt, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Dimatt in devising, directing, implementing, and supervising the wage and hour practices and policies relating to his employees, including Plaintiff.

3

24.    Alzate determined the wages and compensation of Dimatt's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

25.    At all times relevant to this Complaint, Alzate was an employer within the meaning of the FLSA, the NJWHL, and the NJWPL and, at all relevant times, employed Plaintiff.

26.    Alzate participated in the decision to hire Plaintiff.

27.    Alzate participated in deciding the job duties that Plaintiff performed.

28.    Alzate participated in directing Plaintiff's job duties and responsibilities.

29.    Alzate participated in the supervision of Plaintiff's job duties and responsibilities.

30.    Alzate participated in deciding the manner in which Plaintiff was paid.

31.    Alzate participated in deciding the compensation Plaintiff was paid.

32.    Alzate was responsible for ensuring Plaintiff was paid properly.

**Defendant, Laura Salamana ("Salamana")**

33.    At all relevant times, Salamana had and continues to engage in business within this judicial district.

34.    Upon information and belief, Salamana was and continues to be an owner, corporate officer, director, shareholder, and/or managing agent of Dimatt.

35.    At all relevant times, Salamana participated in running the daily operations of Dimatt.

36.    At all relevant times, Salamana participated in the management and supervision of Plaintiff and his work for Dimatt.

37.    At all relevant times, Salamana exercised operational control over Dimatt, controlled significant business functions of Dimatt, determined employee salaries, made hiring

4

decisions, and acted on behalf of and in the interest of Dimatt in devising, directing, implementing, and supervising the wage and hour practices and policies relating to his employees, including Plaintiff.

38.     Salamana determined the wages and compensation of Dimatt's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

39.     At all times relevant to this Complaint, Salamana was an employer within the meaning of the FLSA, the NJWHL, and the NJWPL and, at all relevant times, employed Plaintiff.

40.     Salamana participated in the decision to hire Plaintiff.

41.     Salamana participated in deciding the job duties that Plaintiff performed.

42.     Salamana participated in directing Plaintiff's job duties and responsibilities.

43.     Salamana participated in the supervision of Plaintiff's job duties and responsibilities.

44.     Salamana participated in deciding the manner in which Plaintiff was paid.

45.     Salamana participated in deciding the compensation Plaintiff was paid.

46.     Salamana was responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers**

47.     The individual Defendants own, operate, and/or control the corporate Defendant.

48.     The individual Defendants possesses operational control over the corporate Defendant, possesses an ownership interest in the corporate Defendant, and controls significant functions of the corporate Defendant.

49.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

50.     Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

51.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

52.     Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), and N.J.S.A. 34:11-4.1(b).

**Plaintiff Ariel Antonio Martinez ("Plaintiff")**

53.     At all relevant times, Plaintiff was an employee of Defendants, as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), and N.J.S.A. 34:11-4.1(b).

54.     Defendants employed Plaintiff from on or about January 1, 2022 until on or about October 24, 2024.

55.     Defendants employed Plaintiff as a car detailer for their benefit and at their direction.

56.     Defendants did not require Plaintiff to sign in and out of his daily shifts.

57.     Therefore, upon information and belief, Defendants did not maintain time records for the hours Plaintiff worked each day and week.

58.     Throughout his employment, Plaintiff worked Monday through Friday from 9:00 a.m. through 8:00 p.m., and on Saturday from 9:00 a.m. to 7:00 p.m.

59.     Throughout his employment, Plaintiff was not given uninterrupted meal breaks during his shifts.

60.     Throughout his employment, Plaintiff worked a total of sixty-five (65) hours per week.

61. From or or about January 1, 2022 until in or about February 2022, Plaintiff was paid a flat weekly rate of $750.00, which is an hourly equivalent of $11.54.

62. From in or about February 2022 until in or about February 2024, Plaintiff was paid a flat weekly rate of $800.00, which is an hourly equivalent of $12.31.

63. From in or about February 2024 through on or about October 24, 2024, Defendants paid Plaintiff at an hourly rate of $21.25 for all hours up to forty (40) each week.

64. From in or about February 2024 through on or about October 24, 2024, Defendants did not pay Plaintiff any wages for any and all hours worked in excess of forty (40) each week.

65. Throughout his employment, Defendants did not pay Plaintiff one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) each week.

66. Throughout his employment, Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) each week.

67. Beginnning on Janaury 1, 2022, the statutory minimum wage rate for New Jersey was $13.00 per hour.

68. Beginning on Janaury 1, 2023, the statutory minimum wage rate for New Jersey was $14.13 per hour.

69. Beginning on Janaury 1, 2024, the statutory minimum wage rate for New Jersey was $15.13 per hour.

70. Therefore, from January 1, 2022 until in or about February 2024, Defendants did not pay Plaintiff at least the statutory minimum wage rate.

71. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

72. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

73. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

74. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

75. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

76. Defendants are subject to the overtime pay requirements of the FLSA because the corporate Defendant is an enterprise engaged in commerce or engaged in the production of goods for commerce.

77. At all times relevant to this Complaint, the corporate Defendant had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

78. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant in each applicable year was not less than $500,000.00.

79. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

80.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

81.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

82.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

83.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

84.    However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

85.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

86.    Defendants did not act in good faith with respect to the conduct alleged herein.

87.    As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW**
**FAILURE TO PAY OVERTIME**

88.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

9

89.     Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

90.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

91.     However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

92.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

93.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid overtime wages.

94.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Count in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW
## FAILURE TO PAY MINIMUM WAGES

95.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

96.     Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a(4), Plaintiff was entitled to the statutory minimum hourly wage for all of the hours he worked.

10

97.     By the conduct alleged herein, from January 2022 until in or about February 2024, Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all of the hours he worked.

98.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

99.     Judgment should be entered in favor of Plaintiff and against Defendants in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW**
<u>**FAILURE TO TIMELY PAY WAGES**</u>

100.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

101.    At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

102.    Defendants failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

103.    Defendants failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

104.    Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Count for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.      Declare and find that Defendants committed one or more of the following acts:

      1.      Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation; and

      2.      Willfully violated the provisions of the N.J.S.A. by failing to pay Plaintiff overtime compensation, minimum wages, and timely wages;

B.      Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.      Award liquidated damages under the N.J.S.A. or, in the alternative, the FLSA;

D.      Award interest on all unpaid wages due accruing from the date such amounts were due;

E.      Award all costs and attorneys' fees incurred in prosecuting this action; and

F.      Provide such further relief as the Court deems just and equitable.


Dated: Massapequa, New York
       March 6, 2025

THE NHG LAW GROUP, P.C.

_____

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com